IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| SYLVIA N. EMIABATA and PHILIP O. EMIABATA, | : | Case No. 23-11654 (BLS) |
| | : | |
| Debtor. | : | |
| | : | |
| SYLVIA N. EMIABATA and PHILIP O. EMIABATA, | : | |
| | : | Civ. No. 23-1308 (RGA) |
| Appellants, | : | |
| v. | : | |
| | : | |
| WILLIAM F. JAWORSKI, JR., Chapter 13 Trustee, | : | |
| | : | |
| Appellee. | : | |

## MEMORANDUM ORDER

This appeal arises from the Chapter 13 proceedings of *pro se* appellants Sylvia N. Emiabata and Philip O. Emiabata ("Appellants"). Pending before the Court are two motions filed by the Appellants: (i) Motion to Stay Judgment (D.I. 6), and (ii) Motion to Alter or Amend (D.I. 7, 8). For the reasons set forth below, the Motion to Stay Judgment is denied, and the Motion to Alter or Amend is granted to the extent set forth herein.

1.  **Background.** On October 2, 2023, Appellants filed a voluntary chapter 13 petition in the U.S. Bankruptcy Court for the District of Delaware. (B.D.I. 1).[1] On October 3, 2023, the Chapter 13 Trustee filed a motion to dismiss the Chapter 13 case. (B.D.I. 7). The motion to dismiss asserted that Appellants were "ineligible to file a case under Chapter 13 … pursuant to 8 U.S.C. [§] 1408, as this petition has been filed on an individual basis and not a corporate basis." (*Id*. at 1). Additionally, the motion to dismiss asserts that the petition is

---

[1] The docket of the Chapter 13 case, captioned *In re Sylvia N. Emiabata, et al*., Case No. 23-11654 (BLS), is cited herein as "B.D.I. __."

Appellants' thirteenth bankruptcy petition since 2004, including petitions filed in Massachusetts, Texas, and Connecticut.  (*See id.*)

2. On October 18, 2023, the Bankruptcy Court issued an order (B.D.I. 14) (the "Rule to Show Cause Order") directing Appellants to appear at a hearing and show cause why their Chapter 13 case should not be dismissed for abuse, given that: (i) Appellants' residential and mailing addresses are in Texas and the District of Columbia, and (ii) by Order dated June 23, 2023, issued by the U.S. Bankruptcy Court for the District of Columbia, Appellants were barred from filing for bankruptcy "in any district" for four years.  *See In re Philip O. Emiabata,* Case No. 23-00090-ELG, D.I. 30 (Bankr. D.C. Jun. 23, 2023) (the "D.C. Order"); *see also id.*, Order, D.I. 51 (Bankr. D.C. Oct. 20, 2023) (denying Appellants' second motion to alter or amend judgment, and enjoining Appellants from any further filings without prior leave of court).  The Rule to Show Cause Order set a hearing for October 24, 2023 at 10:00 a.m.

3. On October 20, 2023, Appellants filed their "First Ex Parte/Emergency Motion for Enlargement of Time to Attend the Show Cause Hearing" (B.D.I. 18), which asserted that the hearing should be rescheduled because Mr. Emiabata "has been in close contact with someone who has Covid-19." (*Id.* at 1).  On October 23, 2023, the Bankruptcy Court issued an order (the "October 23, 2023 Order") denying the request to reschedule the hearing but permitting Appellants to attend the hearing either in person or via Zoom and providing instructions for same.

4. On October 23, 2023, Appellants also filed an opposition (B.D.I. 20) ("Opposition") to the Chapter 13 Trustee's motion to dismiss, arguing generally that creditors have unlawfully taken their properties, and specifically that the existence of genuine issues of material fact regarding Appellants' property ownership claims—not the location of their residence or domicile nor the applicability of the D.C. Order barring future bankruptcy filings—prevent dismissal.  (*Id.* at 2-3).

2

5. On October 24, 2023, a hearing on the Rule to Show Cause Order was held. On November 1, 2023, the Bankruptcy Court entered its order (the "November 1, 2023 Order") dismissing Appellants' Chapter 13 petition with prejudice and barring Appellants from filing for bankruptcy relief for four years.

6. On November 15, 2023, Appellants filed a Notice of Appeal (D.I. 1) attaching both the October 23, 2023 Order and the November 1, 2023 Order. The docket reflects that Appellants did not submit the required filing fee with their Notice of Appeal. Accordingly, on November 30, 2023, this Court issued an order directing:

> Within thirty (30) days from the date of this Order, Appellants will pay the $298 filing fee, payable to the United States Bankruptcy Court for the District of Delaware, or submit a complete application to proceed without prepayment of fees (AO Form 239) to the United States District Court. Failure to comply with this Order may result in the dismissal of this appeal without prejudice.

Having received neither, on January 16, 2024, the Court dismissed the appeal without prejudice. (D.I. 5).

7. On January 17, 2024, Appellants filed the Motion to Stay Judgment, which appears to seek a stay of the Bankruptcy Court's November 1, 2023 Order dismissing Appellants' Chapter 13 petition pending the appeal.

8. On January 24, 2024, Appellants filed the Motion to Alter or Amend, which appears to seek relief from this Court's January 16, 2024 Order dismissing the appeal without prejudice for failure to pay the filing fee or submit a completed AO Form 239.

9. On January 24, 2024, Appellants also submitted their Motion for Leave to Proceed In Forma Pauperis along with their completed AO Form 239. (D.I. 9).

10. **Jurisdiction.** Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. District courts have mandatory jurisdiction to hear appeals "from final judgments,

orders, and decrees." 28 U.S.C. § 158(a)(1). "[Appellants] proceed[] *pro se*, and accordingly, we construe [their] pleadings liberally." *Laughlin v. Peck,* 552 Fed. App'x 188, 190 (3d Cir. 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).

      11.    **Discussion.** *The Motion to Stay Judgment.* The Motion to Stay Judgment seeks a stay of the Bankruptcy Court's November 1, 2023 Order dismissing Appellants' Chapter 13 petition pending appeal. The granting of a motion for stay pending appeal is discretionary. *See In re Trans World Airlines, Inc.*, 2001 WL 1820325, at *2-3 (Bankr. D. Del. Mar. 27, 2001). Appellants bear the burden of showing that a stay of the Order is warranted based on the following criteria: (1) whether the movant has made "a strong showing" that it is likely to succeed on the merits; (2) whether the movant will be irreparably injured absent a stay; (3) whether a stay will substantially injure other interested parties; and (4) where the public interest lies. *Republic of Phil. v. Westinghouse Electric Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). The most critical factors are the first two: whether the stay movant has demonstrated (1) a strong showing of the likelihood of success, and (2) that it will suffer irreparable harm. *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal citations omitted)). The Court's analysis should proceed as follows:

> Did the applicant make a sufficient showing that (a) it can win on the merits (significantly better than negligible but not greater than 50%) *and* (b) will suffer irreparable harm absent a stay? If it has, we balance the relative harms considering all four factors using a 'sliding scale' approach. However, if the movant does not make the requisite showings on either of these first two factors, the inquiry into the balance of harms and the public interest is unnecessary, and the stay should be denied without further analysis.

*Revel AC*, 802 F.3d at 571 (emphasis in text) (internal quotations and citations omitted).

      12.    As to the first factor, Appellants have not met their burden of making "a strong showing" that they are likely to succeed on the merits of this appeal. In fact, they have made no showing. Appellants offer no explanation as to why their Chapter 13 petition was filed with the

U.S. Bankruptcy Court for the District of Delaware, outside of the area where Appellants have a domicile or residence; rather, Appellants continue to assert that they are "State Connecticut Plaintiffs." (D.I. 8 at ¶ 3). Appellants further offer no reason why that they are not subject to the D.C. Order barring them from filing a bankruptcy petition "in any district" for four years, and they offer no justification for their apparent violation of that Order.

13. Having evaluated Appellants' likelihood of success on the merits, and having determined that Appellants have failed to carry their burden as to this element of the stay analysis, the Court is satisfied no further analysis is required. *See Revel AC*, 802 F.3d at 571.

14. ***The Motion to Alter or Amend.*** Appellants' second motion seeks to alter or amend this Court's January 16, 2024 Order pursuant to Federal Rule of Civil Procedure 59(e). (*See* D.I. 7). Alternatively, Appellants move for relief from the Order pursuant to Federal Rules of Civil Procedure "60(b)(1) [mistake, inadvertence, surprise, or excusable neglect], 60(b)(2) [newly discovered evidence], and 60(b)(6) [any other reason that justifies relief]." (*See* D.I. 8 at 1).

15. Although not entirely clear, the crux of the Motion to Alter or Amend is that the January 16, 2024 Order dismissing Appellants' appeal should be vacated, and the appeal "reinstated," based on Appellants' mistake, inadvertence, surprise, and/or excusable neglect. (*See id.* at 1-3). Among other things, Appellants assert that their AO Form 239 was timely submitted on December 8, 2024 but inadvertently submitted "via email" to Court staff (*see* D.I. 7 at 1); that their AO Form 239 was timely filed by U.S. mail, but that the post office may have misdelivered it (*see* D.I. 8 ¶ 4); and that Appellants "mistakenly, innocently, and inadvertently failed to check … the status of their case" and were therefore unaware of the deadline or dismissal (*see id.* ¶ 8). Appellants argue, in the alternative, that their respective illnesses, out of town treatments, and "medication that cause them dizziness" kept them from complying with the deadline. (*See id.* ¶¶ 5, 6).

16.     **Conclusion.**  With respect to the Motion to Stay Judgment, Appellants have failed to establish any likelihood of success on the merits of their appeal.  Accordingly, a stay of the November 1, 2023 Order pending appeal is not warranted.  With respect to the Motion to Alter or Amend, the Court need not decide whether Appellants' assertions constitute excusable neglect or otherwise meet the standards for relief under Rules 59 and/or 60 of the Federal Rules of Civil Procedure.  In light of Appellants having cured the filing fee defect, and the Court preferring to decide this appeal on its merits, the Court will vacate its prior order and permit the appeal to go forward.

NOW, THEREFORE, it is HEREBY ORDERED that, for the reasons set forth herein:

1.     The Motion to Stay Judgment (D.I. 6) is DENIED.

2.     The Motion to Alter or Amend (D.I. 7) is GRANTED to the extent set forth herein.  The Court's January 16, 2024 Order (D.I. 5) is VACATED, and the Clerk is directed to reopen Civ. No. 23-1308-RGA.

3.     No submissions of pleadings via electronic mail to Chambers will be accepted or docketed.  Appellants should follow the filing procedures for Non-CM/ECF parties and Pro Se parties which can be found on the Court's website.

Entered this 7th day of February, 2024.            /s/ Richard G. Andrews
                                                    United States District Judge