IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| SYLVIA N. EMIABATA and PHILIP O. EMIABATA, | : | Case No. 23-11654 (BLS) |
| | : | |
| Debtor. | : | |
| | : | |
| SYLVIA N. EMIABATA and PHILIP O. EMIABATA, | : | |
| | : | Civ. No. 23-1308 (RGA) |
| Appellants, | : | |
| v. | : | |
| | : | |
| WILLIAM F. JAWORSKI, Chapter 13 Trustee, *et al.,* | : | |
| | : | |
| Appellees. | : | |

## MEMORANDUM

On October 2, 2023, *pro se* appellants Sylvia N. Emiabata and Philip O. Emiabata ("Appellants") filed a petition purporting to commence a Chapter 13 bankruptcy case in the U.S. Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). On October 18, the Delaware Bankruptcy Court issued an order scheduling a hearing for October 24, 2023 "to show cause as to why this bankruptcy case should not be dismissed for abuse" (B.D.I. 14)[1] ("Rule to Show Cause Order"). The order further put Appellants on notice that the Court would be considering each "Debtor being barred from filing for a length of time determined appropriate by the Court."[2] (*Id*. at 2). Following that hearing, the Delaware Bankruptcy Court issued an order dated November 1, 2023 which (1) dismissed Appellants' Chapter 13 petition with prejudice; and

---

[1] The docket of the Chapter 13 case, captioned *In re Sylvia N. Emiabata and Philip O. Emiabata*, Case No. 23-11654 (BLS), is cited herein as "B.D.I. __."

[2] The "filing" would be understood in the context of the earlier statement that the Debtors "have been barred from filing for bankruptcy in any district by the United States Bankruptcy Court for the District of Columbia." (B.D.I. 14 at 1).

(2) barred Appellants from filing for bankruptcy relief for four years (B.D.I. 22) ("Dismissal Order").  Appellants filed a Notice of Appeal attaching both the Dismissal Order and a separate October 23, 2023 order by which the Bankruptcy Court denied Appellants' motion to reschedule the hearing on the Rule to Show Cause Order (B.D.I. 19) ("October 23 Order").  For the reasons set forth below, the Dismissal Order and the October 23 Order are affirmed.

1. **Background.**  On June 23, 2023, the U.S. Bankruptcy Court for the District of Columbia ("D.C. Bankruptcy Court") issued an order barring Mr. Emiabata from filing for bankruptcy in any district for a period of four years.  *See In re Philip O. Emiabata,* Case No. 23-00090-ELG, D.I. 30 (Bankr. D.C. Jun. 23, 2023) (the "D.C. Order"); *see also id.*, Order, D.I. 51 (Bankr. D.C. Oct. 20, 2023) (enjoining Mr. Emiabata from any further filings without prior leave of court).

2. The D.C. Order was the result of a motion by the United States Trustee to dismiss Appellants' Chapter 13 case under § 1307(c) of the Bankruptcy Code for cause, as having been filed in bad faith, based on Appellants' extensive history of abusive and burdensome filings, comprising "an almost-twenty-year-long scheme to avoid creditors by using the bankruptcy system, where the Debtor and his wife have filed at least eighteen bankruptcy cases in eight different jurisdictions."  (*See id.,* UST Motion to Dismiss, D.I. 27 (Bankr. D.C. May 17, 2023) at 4-5 (listing the 18 individual bankruptcy cases filed by Appellants in eight different judicial districts[3]); *id.*, Transcript of June 23, 2023 hearing, D.I. 37 (Bankr. D.C. July 14, 2023) at 2:8-13 (UST arguing that "the combined history of the bankruptcy filings demonstrate an intent to abuse the bankruptcy system process through the successive filings without any reorganization effort, while also ignoring the burdens that the serial filings have placed on the judicial system").  The

---

[3] To wit, Western District of Texas, Southern District of Texas, Massachusetts, Eastern District of Missouri, Northern District of Illinois, Western District of Washington, Connecticut, and the District of Columbia.

D.C. Bankruptcy Court found the "eighteen cases filed in the various jurisdictions beginning in 2004 and continuing up and through this case" were part of a "long-pending attempt to delay, hinder, or delay or otherwise misuse the bankruptcy system," and that the latest Chapter 13 filing was "the latest in an attempt to prolong the foreclosure against [Appellants'] property." *Id*. at 31. Ultimately, the D.C. Bankruptcy Court found "more than sufficient grounds under [§] 1307(c) to dismiss this case" and imposed on Mr. Emiabata "a four-year bar as to filing in any jurisdiction." *Id*. at 31-32.

3.   Notwithstanding the D.C. Order, on October 2, 2023, Appellants filed a joint voluntary Chapter 13 petition *pro se* in the Delaware Bankruptcy Court. (B.D.I. 1). The petition was filed without schedules, a statement of financial affairs, and a proposed plan. (*See id*.)

4.   On October 3, 2023, the Chapter 13 Trustee filed a motion to dismiss the Chapter 13 case. (B.D.I. 7). The motion to dismiss asserted that Appellants were "ineligible to file a case under Chapter 13 … pursuant to 8 U.S.C. [§] 1408, as this petition has been filed on an individual basis and not a corporate basis." (*Id*. at 1). The motion to dismiss cited Appellants' many bankruptcy petitions since 2004, including petitions filed in Massachusetts, Texas, and Connecticut. (*See id*.)

5.   On October 18, 2023, the Bankruptcy Court issued the Rule to Show Cause Order directing that Appellants show cause why their Chapter 13 case should not be dismissed for abuse, given that: (1) Appellants' residential and mailing addresses are in Texas and the District of Columbia, and (2) by the D.C. Order, Mr. Emiabata was barred from filing for bankruptcy "in any district" for four years.[4]   The Rule to Show Cause Order set a hearing for October 24, 2023 at 10:00 a.m.

---

[4] The Rule to Show Cause Order stated that "the Debtors have been barred from filing for bankruptcy in any district by the United States Bankruptcy Court for the District of Columbia . . .

6. On October 20, 2023, Appellants filed their "First Ex Parte/Emergency Motion for Enlargement of Time to Attend the Show Cause Hearing" (B.D.I. 18), which asserted that the hearing should be rescheduled because Mr. Emiabata "has been in close contact with someone who has Covid-19." (*Id*. at 1). On October 23, 2023, the Bankruptcy Court issued the October 23 Order denying the request to reschedule the hearing but permitting Appellants to attend the hearing either in person or via Zoom and providing instructions for same. (B.D.I. 19).

7. On October 23, 2023, Appellants filed an opposition (B.D.I. 20) to the Chapter 13 Trustee's motion to dismiss, arguing generally that creditors have unlawfully taken their properties, and specifically that the existence of genuine issues of material fact regarding Appellants' property ownership claims—but not the location of their residence or domicile nor the applicability of the D.C. Order barring future bankruptcy filings—prevented dismissal. (*Id*. at 2-3).

8. On October 24, 2023, the Bankruptcy Court held the hearing on the Rule to Show Cause Order.[5] Mr. Emiabata appeared at the hearing *pro se*. On November 1, 2023, the Bankruptcy Court entered the Dismissal Order, which (1) dismissed the Chapter 13 petition with prejudice, (2) barred the "Debtor" "from filing for bankruptcy relief for four years," and (3) clarified that "should the Debtor file a bankruptcy petition, in any District, in violation of this Order, the automatic stay of 11 U.S.C. § 362 shall not go into effect and such filing shall be deemed a nullity."[6] (B.D.I. 22).

---

for a period of four years." The statement was incorrect. Only Mr. Emiabata was named as being so barred.
[5] No transcript of the Rule to Show Cause hearing appears on the docket.
[6] The Dismissal Order bars the "Debtor," not the "Debtors." It is clear, though, that the Order is directed to both Appellants. That is how Appellants understand it. (*See* D.I. 13 at 27 ("[The Court's] void [order] furthermore states that appellants are barred from making any future filings in any States.")).

9. On November 15, 2023, Appellants filed a Notice of Appeal (D.I. 1) attaching both the October 23 Order and the Dismissal Order, along with various other documents. Appellants did not submit the required filing fee with their Notice of Appeal. Accordingly, on November 30, 2023, I issued an order directing Appellants to pay the filing fee or submit a complete application to proceed without prepayment of fees ("AO Form 239"). (D.I. 4). Having received neither, on January 16, 2024, I entered an order dismissing the appeal without prejudice (D.I. 5) ("January 16 Order").

10. On January 17, 2024, Appellants filed a Motion to Stay Judgment, which appeared to seek a stay of the Dismissal Order pending its appeal. (D.I. 6). On January 24, 2024, Appellants filed a Motion to Alter or Amend, which appeared to seek relief from this Court's January 16 Order on the basis of mistake, inadvertence, surprise and/or excusable neglect. (D.I. 7). On January 24, 2024, Appellants submitted a completed AO Form 239. (D.I. 9).

11. On February 7, 2024, I issued a Memorandum Order which denied the Motion to Stay Judgment on the basis that Appellants made no showing that they are likely to succeed on the merits. (D.I. 10). In light of Appellants having cured the filing fee defect, however, and preferring to decide the appeal on the merits, I vacated the January 16 Order and permitted the appeal to go forward. (*Id.*).

12. The appeal is fully briefed. (D.I. 13, 17, 28). I did not hear oral argument because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

13. **Jurisdiction.** Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. District courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees." 28 U.S.C. § 158(a)(1). An order dismissing a Chapter 13 case is a final,

appealable order. *Federal Home Loan Mortgage Corp. v. Young*, 2017 WL 1150629, at *2 (E.D. Pa. Mar. 28, 2017) (citing *In re Taal,* 504 B.R. 682, 684 (B.A.P. 1st Cir. 2014)).

14. **Standard of review.** The Court reviews an order dismissing a Chapter 13 case for abuse of discretion. *In re Taal*, 504 B.R. at 684; *In re Hoshan*, 2008 WL 81994, at *1 (E.D. Pa. Jan. 7, 2008) (applying abuse of discretion standard to bankruptcy court's dismissal of Chapter 13 petition for failure to comply with credit counseling requirements). An abuse of discretion "exists when the decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *In re LTL Mgmt., LLC*, 64 F.4th 84, 99 (3d Cir. 2023) (internal quotations and citation omitted). The Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a *de novo* standard to the Bankruptcy Court's legal conclusions. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1222 (3d Cir. 1989).

15. Finally, "[Appellants] proceed[] *pro se*, and accordingly, we construe [their] pleadings liberally." *See Laughlin v. Peck,* 552 F. App'x 188, 190 (3d Cir. 2014) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).

16. **Discussion.** Although not clear from Appellants' briefs, which raise many legal principles inapplicable to this appeal, Appellants' primary challenges appear to be that the Delaware Bankruptcy Court: (1) lacked jurisdiction to issue the Dismissal Order (*see* D.I. 13 at 8); (2) abused its discretion in dismissing the Chapter 13 petition and barring Appellants from bankruptcy filings for four years (*see id*. at 2, 7, 8); and (3) denied Appellants due process (*see id*. at 2, 8, 20; D.I. 28 at 6-9).

17. **Jurisdiction**. With respect to the first issue on appeal, Appellants argue that this Court should "vacate the order for lack of jurisdiction" and "need not address the merits." (D.I. 13 at 8). This contention is without merit. 28 U.S.C. § 157(b) provides that bankruptcy judges "may hear and determine all cases under title 11 and all core proceedings arising under title 11."

Section 157(b)(2) lists "core proceedings" over which the bankruptcy court has jurisdiction. Among them, "matters concerning the administration of the estate" and "other proceedings affecting ... the assets of the estate" are "core proceedings." *See* 28 U.S.C. § 157(b)(2)(A) and (O). The Chapter 13 Trustee's request for dismissal is a "core proceeding" because it both concerns the administration of the estate and affects the assets of the estate. *In re Rauso,* 212 B.R. 242, 244 (E.D. Pa. 1997). For the same reasons, the Rule to Show Cause Order is a core proceeding. Appellants fail to identify any legal authority to the contrary.

       18.      **Discretion**. With respect to the second issue on appeal, dismissal of the petition was a proper exercise of the Bankruptcy Court's discretion.

       19.      Appellants' Chapter 13 petition presented no legal basis for filing in Delaware. Venue may be established when a case is commenced in the district "in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for one hundred eighty days immediately preceding the commencement of the case." 28 U.S.C. § 1408. On their petition, Sylvia N. Emiabata listed her address as being in Plugersville, Texas, and Philip O. Emiabata listed his address as being in the District of Columbia. (B.D.I. 1). Additionally, the petition listed a mailing address at a P.O. Box in Fairfield, Connecticut. (*Id*.) While Appellants alleged, in answer to Question #6 on their petition, that a "Principal Place of Doing Business/Domicile For Over One (1) YR" provided a basis for venue, no such Delaware address or supporting documentation substantiated this claim. Even on appeal, Appellants offer no explanation as to why their Chapter 13 petition was filed with the Delaware Bankruptcy Court, outside of the area where Appellants have a domicile or residence; rather, Appellants continue to assert that they are "State Connecticut Plaintiffs." (D.I. 8 at ¶ 3; *see also* D.I. 29 (August 30, 2024

letter notifying Court of change of address in Fairfield, Connecticut)).  Lacking any discernible basis for venue, the Bankruptcy Court's dismissal of the Chapter 13 petition was proper.

20. Moreover, Appellants' Chapter 13 petition was clearly barred by the D.C. Order. Appellants offer no reason why Mr. Emiabata is not subject to the D.C. Order barring him from filing a bankruptcy petition "in any district" for four years, and they offer no justification for his apparent violation of the D.C. Order six months after its issuance.  Appellants only argue that the D.C. Order is on appeal and that the D.C. Order did not bar Mrs. Emiabata from filing.  (D.I. 28 at 12).  Indeed, an individual may file for Chapter 13 without his or her spouse.  But even though the D.C. Order did not bar Ms. Emiabata from filing a Chapter 13 petition in the Delaware Bankruptcy Court, she chose to file jointly, the petition was not subsequently amended to present her as the sole Debtor, and venue for both parties was lacking.   No further analysis was required for the Bankruptcy Court to properly dismiss the *joint* Chapter 13 petition as barred by the D.C. Order.

21. Appellants appear to challenge the four-year bar to refiling, although the basis for their challenge is unclear.  (D.I. 13 at 3-4).  Appellants repeatedly assert that the Bankruptcy Court imposed "criminal sanctions" for "criminal contempt."   (*See id*. at 7-9, 16).  The Dismissal Order does no such thing.  Appellants further complain that the Rule to Show Cause Order was issued *sua sponte*.  While the Dismissal Order does not recite a statutory basis for the bar to refiling,[7] the Rule to Show Cause Order clearly required Appellants to show cause why the case should not be dismissed "for abuse."  (B.D.I. 14). Pursuant to § 105 of the Bankruptcy Code, the Bankruptcy Court may:

---

[7] Appellee cites the transcript of the October 24, 2023 hearing on the Rule to Show Cause Order as further refuting Appellants' arguments.  (D.I. 17 at 9).  No transcript appears on the docket of the Chapter 13 case, and neither party has filed an appendix or otherwise provided the Court with a copy.

>issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate *to* enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a). "Indeed, in all circuits but the Tenth, bankruptcy courts and district courts invariably derive from § 105(a) or § 349(a)[8] of the [Bankruptcy] Code ... the power to sanction bad faith serial filers ... by prohibiting further bankruptcy filings for longer periods than the 180 days specified by § 109(g)." *In re LeGree*, 285 B.R. 615, 621 (Bankr. E.D. Pa. 2002) (quoting *In re Casse,* 198 F.3d 327, 337-38 (2d Cir. 1999)).

22. "The purpose of Chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for repayment of debts over an extended period of time." *First National Fidelity Corp. v. Perry*, 945 F.2d 61, 63 (3d Cir. 1991) (quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 118 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6079). "It is … a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to file a second case." *In re Herrera*, 194 B.R. 178, 187 (Bankr. N.D. Ill. 1996) (dismissing with prejudice to debtors' ability to refile for period of one year based on evidence of debtors' bad faith and failure to abide by obligations as bankruptcy debtors).

23. The record supports a finding that Appellants' Chapter 13 filing was part of a pattern or practice of abusive filings intended to delay or frustrate a secured creditor from

---

[8] Section 349(a) provides, in relevant part, that "dismissal of a case under this title [does not] prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g).  11 U.S.C. § 349(a).  Section 109(g) provides, in relevant part, that "no individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if … the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case …" 11 U.S.C. § 109(g).

9

enforcing its rights. Appellants filed their petition in Delaware despite there being no basis for venue. Their petition lacked the required schedules, statement of financial affairs, or any plan for the Bankruptcy Court to consider. Appellants have filed eighteen cases in multiple districts over a period of almost 20 years. In each case, Appellants have attempted to thwart the efforts of a secured creditor, the Bank of New York Mellon Trust, from foreclosing upon Appellants' property. Finally, the record demonstrates serial, abusive filings by both Appellants. In the eighteen cases filed before this one, in eight different judicial districts, eleven were filed jointly, three were filed solely by Ms. Emiabata,[9] and four were filed solely by Mr. Emiabata. *See In re Philip O. Emiabata,* Case No. 23-00090-ELG, D.I. 27, UST Motion to Dismiss. In sum, the Bankruptcy Court had only a bare petition, an extensive history of repeated abusive filings, and Appellants' unjustified violation of the D.C. Order barring future filings "in any district." On this record, dismissal of the petition with a four-year bar to refiling fell within the Bankruptcy Court's inherent power under § 105(a) to "prevent an abuse of process."

24. **Due process**. With respect to the third issue on appeal, it is unclear from Appellants' briefs how—or whether they even contend that—the October 23 Order denying their request for rescheduling of the hearing on the Rule to Show Cause Order was an abuse of discretion. With respect to the Dismissal Order, the record reflects that Appellants were afforded due process. The Rule to Show Cause Order gave Appellants notice of the potential dismissal of

---

[9] The most recent case filed by Ms. Emiabata alone was in Connecticut. *In re Sylvia Ngozi Emiabata*, No. 21-31097 (Bankr. D. Conn. filed Feb. 24, 2021). One of the Bankruptcy Court's findings was, "This Chapter 13 case is dismissed because the filing of this petition was an abuse of the bankruptcy process and in bad faith." *Id.*, D.I. 200 (July 22, 2022). Ms. Emiabata appealed from the dismissal on August 5, 2022. The appeal was opened as No. 22-1013-OAW. (No. 21-31097, D.I. 210, 212). The district court dismissed the appeal in August 2023. (*Id.*, D.I. 221, 222). That decision was appealed to the Second Circuit. (*Id.*, D.I. 240). The Second Circuit dismissed the appeal about July 12, 2024. (*Id.*, D.I. 242). Separately, after a motion for relief from a final order (*id.*, D.I. 226), Ms. Emiabata filed a second appeal (*id.*, D.I. 229). The appeal was opened as No. 23-1218-SVN. (*Id.*, D.I. 232). The District Court dismissed that appeal on November 7, 2023. (*Id.*, D.I. 238).

their Chapter 13 petition and of the potential for being barred from further filing and an opportunity to be heard on the Order.  In light of Mr. Emiabata's concerns that he may have been exposed to Covid-19, the October 23 Order granted Appellants permission to appear remotely. Indeed, Mr. Emiabata appeared at the hearing *pro se* and was given the opportunity to present any evidence or argument to the Bankruptcy Court.  Appellants fail to cite any step in the process where they were denied due process or any legal argument that would warrant the requested reversal of the Dismissal Order.

25.   **Conclusion.**  Appellants have failed to present any cognizable argument or identify any relevant authority that would support reversing the Dismissal Order or the October 23 Order.

Therefore, I will enter a separate order, for the reasons set forth herein, that affirms the two challenged orders and closes the case.

Entered this 6th day of September 2024.

/s/ Richard G. Andrews
United States District Judge